**Thomas Lether, OSB # 101708**
E-mail: tlether@letherlaw.com
**Eric J. Neal, OSB #110268**
E-mail: eneal@letherlaw.com
**Westin McLean, OSB # 094389**
E-mail: wmclean@letherlaw.com
LETHER LAW GROUP
1848 Westlake Ave. N. Suite 100
Seattle, WA 98109
T: 206-467-5444
Attorneys for Plaintiff
The Phoenix Insurance Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, a Connecticut insurance company,<br><br>Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York insurance company, and SKANSKA USA BUILDING, INC., a Delaware corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR CONTRIBUTION AND DECLARATORY RELIEF** |

COMES NOW, PLAINTIFF The Phoenix Insurance Company (hereinafter "Phoenix"), by and through its attorneys, alleges as follows:

**PARTIES**

Page 1 - COMPLAINT

1. Phoenix is an insurance company organized under the laws of the State of Connecticut. Phoenix has its principal place of business in the State of Connecticut. Phoenix is licensed to conduct insurance business in the State of Oregon.

2. Zurich American Insurance Company (hereinafter, "Zurich") is an insurance company organized under the laws of the State of New York. Upon information and belief, Zurich has its principal place of business in the State of Illinois. Zurich is licensed to conduct insurance business in the State of Oregon.

3. Skanska USA Building, Inc. (hereinafter "Skanska") is a Delaware corporation. Skanska has its principal place of business in the State of New Jersey.

## JURISDICTION AND VENUE

4. Phoenix is a citizen of the State of Connecticut.

5. Zurich is a citizen of the State of New York and the State of Illinois.

6. Skanska is a citizen of the State of Delaware and the State of New Jersey.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

8. The Court also has jurisdiction over this action pursuant to 28 U.S.C. § 2201, because there is a real, substantial, and justiciable issue in controversy between the parties to this action with respect to the existence of insurance coverage under the policies of insurance issued by Phoenix and Zurich to Skanska. A judicial determination and a declaration of the rights and obligations as between the parties is necessary and appropriate at this time because Phoenix has no adequate remedy at law which will resolve the current controversy.

9.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because this action involves claims for insurance coverage arising out of a loss that occurred in Tualatin, Oregon.

## FACTS

### A.     The Project and Underlying Action

10.     The instant action arises out of personal injury claims asserted by David Quirk in a civil lawsuit against Skanska. Mr. Quirk initially filed his civil action in Multnomah County Circuit Court (Case No. 16CV03356). However, the case was removed to this Court and entitled *David Quirk v. Skanska USA Building, Inc.*, United States District Court for the District of Oregon, Case No. 3:16-cv-00352-AC (hereinafter the "Underlying Action").

11.     In the Underlying Action, Mr. Quirk alleged that he suffered personal injury on or about April 4, 2014 while working on a construction project at the LAM Research facility located in Tualatin, Oregon (hereinafter the "Project").

12.     Skanska was the general contractor for the Project.

13.     Mr. Quirk was working within the course and scope of his employment with Charter Mechanical Contractors, Inc. (hereinafter "Charter") when the alleged injuries occurred.

14.      Charter was a subcontractor hired by Skanska to perform piping and plumbing work for the Project.

15.     The Subcontract Agreement between Skanska and Charter required Charter to indemnify Skanska for, among other things, claims for injury to a person arising from Charter's work on the Project. This Agreement further required Charter to maintain commercial general liability insurance that named Skanska as an additional insured under that policy of insurance.

16.  In the Underlying Action, Mr. Quirk alleged that he fell into a hole while he was replacing test gauges as part of his work on the Project. Mr. Quirk alleged that he suffered various injuries as a result of the fall.

17.  Mr. Quirk alleged that Skanska was liable for causing his injuries and resulting damages under multiple legal theories, including Oregon's Employer Liability Act, the Oregon Safe Employment Act, negligence per se based on OSHA violations, and common law negligence.

18.  Mr. Quirk alleged that Skanska was engaged in a common enterprise with Mr. Quirk and/or retained the right to control or had actual control over the manner or method of the risk producing activity at issue.

19.  Mr. Quirk further alleged that Skanska acted negligently and/or violated the law and caused his injuries in the following ways:

- Failing to provide a proper floor hole cover and/or railings;
- Failing to have the floor hole attended while the hole was uncovered;
- Failing to adequately mark the floor hole and/or otherwise warn to prevent people from falling in the hole;
- Allowing the floor hole to exist and result in an unsafe work site;
- Failing to implement a proper safety program for all workers on the Project;
- Failing to properly supervise and train all workers on the Project.

20.  Mr. Quirk sought recovery of economic, non-economic and punitive damages from Skanska in the Underlying Action.

21.  The Court in the Underlying Action found that Skanska had the right to and did control coordination of the various subcontractor work on the Project, access to the room where the fall occurred, and the use of safety measures and warnings related to the location of the fall.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

**B.     The Insurance Policies**

22.     Phoenix issued a commercial insurance policy to Charter as the named insured, known as policy number DT-CO-527D0542-PHX-13 (hereinafter "the Phoenix Policy"). The Phoenix Policy was in effect from September 1, 2013 through September 1, 2014.

23.     The Phoenix Policy provides general liability coverage pursuant to the terms stated therein and not otherwise.

24.     The Phoenix Policy contained an endorsement that provided liability coverage to additional insureds when Charter entered into a written contract with another party requiring such coverage. The scope of additional insured coverage was limited to liability for bodily injury caused by acts or omission of Charter in the performance of Charter's work on a given project.

25.     Upon information and belief, Zurich issued a commercial insurance policy, which included general liability coverage, to Skanska as a named insured. Zurich's insurance policy was in effect at the time of the alleged incident giving rise to the Underlying Action.

26.     Zurich was obligated to defend and indemnify Skanska with regard to the claims asserted in the Underlying Action under the terms of the insurance policy issued by Zurich.

27.     Upon information and belief, the insurance policy issued by Zurich contained a deductible and/or self-insured retention in an amount up to $500,000. Under the Zurich policy, Skanska was obligated to pay the deductible and/or self-insured retention before Zurich was obligated to pay for defense or indemnity with regard to losses or claims covered under the Zurich policy.

**C.     Tender to Phoenix, Defense Provided to Skanska and Settlement of Underlying Action**

28.     On or about February 16, 2016, Zurich tendered the Complaint filed in the Underlying Action to Phoenix and requested that Phoenix provide a defense and indemnity coverage to Skanska for the claims asserted in the Underlying Action.

29. On or about February 19, 2016, Skanska tendered the Complaint filed in the Underlying Action to Phoenix and requested that Phoenix defend and indemnify Skanska with regard to the claims asserted in the Underlying Action.

30. On March 22, 2016, Phoenix agreed to defend Skanska as an additional insured under the Phoenix Policy against the claims asserted in the Underlying Action, subject to a written reservation of rights. Phoenix's express reservation of rights included the right to seek an allocation of costs between covered and uncovered claims and recover any amounts it paid for claims that are determined to be not covered under the Phoenix Policy.

31. Zurich, and not Phoenix, was required under Oregon law and its policy of insurance to defend and indemnify Skanska against the claims asserted in the Underlying Action arising from Skanska's work, acts, omissions, fault and/or liability. Zurich's obligation to defend and indemnify Skanska was not limited or negated by the fact Skanska was also an additional insured under the Phoenix Policy.

32. Because defense and coverage was owed under the Zurich policy, Skanska was obligated to satisfy its deductible and/or self-insured obligations under that policy.

33. Zurich did not defend Skanska against the claims asserted in the Underlying Action.

34. Phoenix expended $207,870.93 in costs and attorney fees in providing a defense to Skanska against the claims asserted in the Underlying Action.

35. Neither Zurich nor Skanska paid any amount for fees or costs incurred in defending Skanska against the claims asserted in the Underlying Action.

36. The claims asserted against Skanska in the Underlying Action were settled by agreement of the underlying parties in exchange for payment to $500,000 to Mr. Quirk. Phoenix funded this settlement for Skanska.

37.     Neither Zurich nor Skanska contributed any funds for the settlement.

## CLAIMS FOR RELIEF

**A.     Contribution and/or Equitable Contribution**

38.     Phoenix hereby incorporates the allegations stated in paragraphs 1 through 37 above as though set forth fully herein.

39.     Phoenix paid $207,870.93 for costs and attorney fees in defending Skanska against the claims asserted in the Underlying Action.

40.     Based on the doctrines of contribution and/or equitable contribution, Phoenix is entitled to recovery and/or reimbursement from Zurich and Skanska in an amount up to $207,870.93 for their proportionate share of the costs and fees incurred in defending Skanska with regard to the Underlying Action.

41.     Phoenix paid $500,000 to settle the claims asserted against in the Underlying Action.

42.     Based on the doctrines of contribution and/or equitable contribution, Phoenix is entitled to recovery and/or reimbursement from Zurich and Skanska in an amount up to $500,000 for their proportionate indemnity obligation for the settlement of the Underlying Action.

**B.     Declaratory Relief**

43.     Phoenix hereby incorporates the allegations stated in paragraphs 1 through 42 above as though set forth fully herein.

44.     There is an actual and justiciable controversy as to whether Zurich and Skanska are obligated to contribute to the defense and indemnity coverage provided by Phoenix to Skanska with regard to the Underlying Action.

45.     Phoenix is entitled to Declaratory Judgment in its favor, specifically including judicial determinations that:

- Zurich was required under its policies and Oregon law to defend and indemnify Skanska against claims asserted in the Underlying Action arising from Skanska's work, acts, omissions, fault or liability;

- Phoenix was not required under its policies or Oregon law to defend or indemnify Skanska against claims asserted in the Underlying Action arising from Skanska's work, acts, omissions, fault or liability; and

- Zurich's defense and indemnity coverage obligations for the claims asserted in the Underlying Action arising from Skanska's acts, omissions, fault or liability were not limited or negated by the fact Skanska was an additional insured under the Phoenix Policy.

- Because defense and indemnity coverage obligations existed under the Zurich policy, Skanska was obligated to satisfy its deductible and/or self-insured retention obligations under the insurance policy issued by Zurich.

46. Phoenix is further entitled to Declaratory Judgment in its favor, specifically including a judicial determination that Zurich and/or Skanska are obligated to reimburse Phoenix in an amount up to $207,870.93 for their share of the costs and fees expended by Phoenix to defend Skanska in the Underlying Action.

47. Finally, Phoenix is entitled to Declaratory Judgment in its favor, specifically including a judicial determination that Zurich and/or Skanska are obligated to reimburse Phoenix in an amount up to $500,000 for their proportionate indemnity obligation under its policy for the settlement of the Underlying Action.

**PRAYER FOR RELIEF**

WHEREFORE, Phoenix prays for judgment against Zurich and/or Skanska as follows:

1. Judgment in favor of Phoenix in an amount up to $707,870.93 for its contribution and/or equitable contribution claims;

2. Declaratory judgment in favor of Phoenix as set forth herein;

3. For all interest allowed by law;

4. An award for Phoenix's reasonable attorney fees and recoverable costs in this action under ORS 742.061 and/or any other applicable statute or the common law, to the extent allowed by law; and

5. Such further relief as the Court may deem just and proper.

DATED this 27th day of March, 2020.

LETHER LAW GROUP

*/s/ Thomas Lether*
**Thomas Lether, OSB # 101708**
E-mail: tlether@letherlaw.com
*/s/ Eric J. Neal*
**Eric J. Neal, OSB #110268**
E-mail: eneal@letherlaw.com
*/s/ Westin McLean*
**Westin McLean, OSB # 094389**
E-mail: wmclean@letherlaw.com
*Attorneys for The Phoenix Insurance Company*